UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DANIEL CAMERON                                                              Plaintiff

v.                                                          Civil Action No. 3:25-cv-301-RGJ

PANTHER TRANSPORTATION INC.,                                             Defendants
EARNESHA D. TOWNS

* * * * *

**MEMORANDUM OPINION & ORDER**

Proposed Intervenor Great West Casualty Company ("Great West") moves to intervene in the above-captioned case. None of the other parties oppose the motion. For the reasons below, the motion to intervene is **GRANTED.**

### I.    BACKGROUND

Plaintiff was involved in a semi-truck collision in the parking lot of Loves Truck Stop at 1090 Cedar Grove Road in Kentucky.  [DE 1-1 at 6-7]. Plaintiff filed suit in Jefferson County Circuit Court against the driver of the truck, Earnesha D. Towns ("Towns"), and Panther Transportation Inc. ("Panther") for negligence (Towns), respondeat superior (Panther), and negligent hiring, retention and training (Panther). [DE 1-1 at 7-9]. Great West moved to intervene in the action. [DE 19]. Plaintiff did not file a response to the motion. Panther and Towns filed a response stating no objection but noting they reserve their right to challenge the intervening complaint in their responsive pleading, including a motion to dismiss. [DE 22].

### II.    MOTION TO INTERVENE

Great West moves to intervene as a matter of right, and in the alternative, permissively. Great West asserts that Plaintiff is its insured driver, and that it is subrogated to Plaintiff's right to

1

recover payments for no-fault insurance benefits resulting from truck crash in this action per KRS 304.39-070(2). [DE 19 at 65].

### A. Standard of Review

Under Rule 24(a), the "court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent the interest." Fed. R. Civ. P. 24(a)(2). To satisfy this rule, the Sixth Circuit requires an applicant show that: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2001) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 2011)). Each element is mandatory, so a failure to satisfy any element will defeat intervention. *Id.* Rule 24(b) governs permissive intervention: "On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).

### B. Analysis

#### i. Timeliness of Application

The timeliness factor encompasses five sub-factors: "(1) the stage of the proceedings; (2) the purpose of intervention; (3) the length of time that the movant knew or should've known of its interest in the case; (4) the prejudice to the original parties; and (5) any unusual circumstances militating for or against intervention." *United States v. Michigan*, 68 F.4th 1021, 1024–25 (6th Cir. 2023).

As to timeliness, this matter was removed May 27, 2025 and a scheduling order setting case deadlines was entered August 1, 2025. [DE 1, DE 11]. Great West moved to intervene in February 2026, approximately eight months after the case was removed.  However, discovery is ongoing and does not conclude until November 20, 2026. [DE 11]. Trial is scheduled for October 4, 2027. [*Id.*]. Thus, Great West's motion is made at an early stage of the proceedings. Great West has a legitimate purpose granted by Kentucky statute and no prejudice has been presented by the original parties. Thus, the element of timeliness is satisfied.

### ii.   Substantial Legal Interest

The Sixth Circuit has adopted "a rather expansive notion of the interest sufficient to invoke intervention of right." *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005) (citation omitted); *see also Bradley v. Millike*, 828 F.2d 1186, 1192 (6th Cir. 1987) ("[T]his court has acknowledged that 'interest' is to be construed liberally.").

Great West seeks to recover damages through this case as a subrogee under KRS 304.39-070(2).  KRS 304.39-070 authorizes, among other things, a reparation obligor which has paid basic reparation benefits to "recover basic reparation benefits paid to or for the benefit of a person suffering the injury from the reparation obligor . . ."  § KRS 342.39-070.  As a result, Great West has a substantial legal interest in the subject matter of the case.

### iii.   Ability to Protect Legal Interest Without Intervention

KRS § 411.188(2) states that "a failure to assert subrogation rights by intervention . . . will result in a loss of those rights." District courts have held that this satisfies the third element necessary for intervening. *See, e.g., Marquez-Warner v. Campus Crest at Louisville, LLC*, 2018 WL 11446385, at *2 (W.D. Ky. 2018); *Lemaster v. Taylor Indus., LLC,* 2011 WL 1577808, at *1–

2 (E.D. Ky. 2011). As a result, absent intervening, Great West could lose its subrogation rights and its ability to protect its legal interest.

### iv.  Inadequate Representation

The burden of establishing that an intervenor's interest is not adequately protected by the existing party "is minimal" as the movant need only show representation may be inadequate, not that it will be inadequate.  *Linton by Arnold v. Comm'r of Health and Env't, State of Tenn.*, 973 F.2d 1311, 1319 (6th Cir. 1992); *see Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1247 (6th Cir. 1997).  "[I]t may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Id.*

Plaintiff's interests and Great West's interests are different. "[Great West] simply wants compensation for what it has and will have to pay as an insurer; the plaintiff hopes to maximize his recovery for his injuries." *Lemaster*, 2011 WL 1577808, at *2.  Thus, Plaintiff cannot be expected to adequately protect Great West's interest.

Because the Court finds that Great West has satisfied all four factors required by Federal Rule of Civil Procedure 24(a), Great West Motion to Intervene is **GRANTED**.

### III.   CONCLUSION

The Court being otherwise sufficiently advised, **IT IS ORDERED** that Great West's motion to intervene [DE 19] is **GRANTED** and Great West shall file its intervening complaint **within 10 days of the entry of this order**.

Rebecca Grady Jennings, District Judge
United States District Court

May 6, 2026

4